Laubie, J.
C. C. Field, one of the plaintiffs in error, has recently deceased. Counsel for plaintiffs in error state that no executor was named in his will, and that no administrator has yet been appointed. This is conceded by counsel for defendant in error to be true.
The death of said C. C. Field is suggested, and motion made to continue the case, so that an administrator can be appointed and made a party to this proceeding.
This is a proceeding in error, and one of plaintiffs in error has died since error was assigned, and the common law rule is that the death of a party plaintiff, after error has been assigned, will not interfere with the writ of error. This rule is followed in the 3d Ohio. In Williams v. Englebrecht (38 Ohio St., 96) the court held that: “ Notwithstanding the death of the plaintiff in error, after assignment of errors, and before final judgment, the judgment of reversal is valid and effective,” and the cause was reversed and remanded. In case of a *2 reversal, the original action can be revived in the court to which it is remanded in the name of the proper representative of the deceased party.
Tuttle & Tuttle, for plaintiffs in error.
P. Bosworth, for defendant in error.
The motion to continue is therefore overruled.